UNITED STATES

v.

**Michael R. ROBINSON, 232–90–0521, Private (E–1), U. S. Marine Corps.**

**NCM 76 0477.**

U. S. Navy Court of Military Review.

Sentence Adjudged 14 Nov. 1975.

Decided 12 April 1976.

CDR C. A. Buhler, JAGC, USN, Appellate Defense Counsel; CAPT Ronald J. Waicukauski, USMCR, Appellate Government Counsel.

Before CEDARBRUG, C. J., MURRAY, Senior Judge, and GLASGOW, J.

**UNITED STATES**

v.

**Raymond D. SILVERNAIL, Jr., 090 48 9233, Private (E–1), U. S. Marine Corps.**

**NCM 76 0314.***

U. S. Navy Court of Military Review.

Sentence Adjudged 18 Sept. 1975.

Decided 13 May 1976.

PER CURIAM:

Appellant pleaded guilty and was found guilty of four periods of unauthorized absence totaling approximately thirty months. The special court-martial military judge who heard his case sentenced him to a bad conduct discharge and confinement at hard labor for two months. The convening authority approved the sentence but suspended the confinement at hard labor in excess of thirty-five days, which action was approved by the supervisory authority.

Appellant assigns a single error that the military judge erred in failing to advise him of his right to plead the Statute of Limitations as to the first specification alleging a sixteen-month absence, citing paragraph 68c, Manual for Courts-Martial, 1969 (Revised edition).

The military judge should have affirmatively advised appellant if it appeared "from the charges or from the evidence introduced at the trial that the Statute had run." Id.

More than two years, the applicable period of limitation, elapsed between the first absence commencing on 10 September 1973 and the preferral of charges on 22 October 1975. However, appellant explained during the plea inquiry that he was in the custody of civilian authorities from 29 September 1974 until 20 July 1975. Article 43(d), Uniform Code of Military Justice, 10 U.S.C. § 843(d), provides that periods in the custody of civilian authorities shall be excluded in computing the period of limitation prescribed by the Article. Consequently, the period of limitation was clearly not exceeded and was not available to appellant. The military judge did not err. *United States v. Shell*, 7 U.S.C.M.A. 646, 652, 23 C.M.R. 110, 116 (1957).

The findings and sentence as approved on review below are affirmed.

* The Judge Advocate General of the Navy has certified this case to USCMA for review. Review by USCMA pending.