## UNITED STATES

v.

**Elbert D. TAYLOR, II, 278 66 0537, Private First Class (E–2), U. S. Marine Corps.**

**NMCM 81 3260.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 19 Jan. 1981.

Decided 23 March 1982.

LCDR William A. DeCicco, JAGC, USN, Appellate Defense Counsel.

LT Jerome A. Busch, JAGC, USNR, Appellate Defense Counsel.

CDR Jay M. Siegel, JAGC, USNR, Appellate Government Counsel.

Before BAUM, Senior Judge, and ABERNATHY and KERCHEVAL, JJ.

BAUM, Senior Judge:

Appellant has assigned two errors before this Court. The first is rejected but the second is considered to have merit. In that second assignment appellant asserts the following:

SWORN CHARGES AGAINST THE ACCUSED WERE RECEIVED ON 15 JANUARY 1981 AND SPECIFICATION 1 OF CHARGE I ALLEGES THAT THE ACCUSED BEGAN A PERIOD OF UNAUTHORIZED ABSENCE ON 8 JANUARY 1979 THUS, SPECIFICATION I WAS RECEIVED AFTER THE STATUTE OF LIMITATIONS HAD RUN AND THE RECORD DOES NOT AFFIRMATIVELY ESTABLISH THAT THE ACCUSED WAS AWARE OF HIS RIGHT TO THE DEFENSE OF THE STATUTE OF LIMITATIONS. ARTICLE 43, *UNIFORM CODE OF MILITARY JUSTICE*; PARA. 68c, *MANUAL FOR COURTS–MARTIAL, 1969 (REV.); UNITED STATES V. GRAY*, NO. 81 0197 (N.C.M.R. 23 FEBRUARY 1981); *UNITED STATES V. HENRY*, NO. 80 1940 (N.C.M.R. 17 NOVEMBER 1980); *SEE ALSO UNITED STATES V. BURKEY*, 49 C.M.R. 204 (A.C.M.R.1974).

The Government, in response, contends that "the appellant was 'in the custody of civil authorities' (Article 43(d), UCMJ) for a total period of nineteen days (12 March 1979, 22 January 1980, and 28 January 1980 to 14 February 1980) during the applicable two year period. . . . Thus, the two year statute was tolled for this period of nineteen days, and expired on 27 January 1981. Article 43(d) UCMJ."

Article 43(d) of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 943(d), cited by Government counsel, provides that:

Periods in which the accused was absent from territory in which the United States has the authority to apprehend him, or in the custody of civil authorities, or in the hands of the enemy, shall be excluded in computing the period of limitation prescribed in this article.

That Article has been applied by both the U.S. Court of Military Appeals and this Court to exclude from the statute of limitations time while an accused was incarcerated by civil authorities. *United States v. Shell,* 7 U.S.C.M.A. 646, 23 C.M.R. 110 (1957); *United States v. Robinson,* 1 M.J. 944 (N.C.M.R.1976). In those cases it appears clear from the length of time that each accused was confined, approximately 10 months in both cases, that the confinement must have been for civilian offenses. Here, however, it is equally clear that the short periods of confinement at the end of alleged unauthorized absences were for military purposes rather than civilian. In fact, these periods were entered on the first page of the charge sheet and considered as pretrial restraint for the instant offenses. Under these circumstances, we do not believe such periods should be excluded from the computation of the statute of limitations.

 A review of the legislative history of Article 43, UCMJ, fails to reveal the express intent of Congress in this regard; we believe, however, that it is obvious from the enumerated exceptions listed in subparagraph (d) of that Article that Congress intended to exclude from the statute of limitations periods when an accused would not be physically amenable to the control and authority of his military service for purposes of court-martial. Moreover, it is our view that if an accused is confined by civil authorities acting on behalf of the military so that an unauthorized absence is thereby terminated, such a period *must* be included within the statute of limitations computation, despite the appearance of being covered by the Article 43(d) civil custody exception. For this reason, we will not exclude from the statute of limitations those periods when appellant was confined by civil authorities that were also treated as pretrial restraint.

Accordingly, we find that prosecution under specification 1 of Charge I was barred by the statute of limitations. Since the military judge failed to advise the appellant of his right to plead the statute and the record does not affirmatively show that appellant consciously waived that right, we cannot treat the statute as waived, *United States v. Rodgers,* 8 U.S.C.M.A. 226, 24 C.M.R. 36 (1957) and, thus, cannot affirm the finding for that specification.

The finding of guilty of specification 1 of Charge I is set aside and that specification is dismissed. The remaining findings of guilty are affirmed and, upon reassessment, the sentence as approved below is deemed appropriate and is also affirmed.

Judge ABERNATHY and Judge KERCHEVAL concur.